UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAE YOUNG HAN, :

    Plaintiff, : Civil Action No. 08-cv-2677-FLW

:

v.

:

KWAK'S WELLNESS, LLC, et al.

: **OPINION**

    Defendants.

:

**WOLFSON, United States District Judge**

    Before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) brought by Plaintiff Dae Young ("Plaintiff") to dismiss the counterclaims of pro se Defendants Charles Kwak, Joann Kwak, Chung Hyeon Oh, and Jong E. Oh (collectively "Defendants"). In their Answers, Defendants assert identical counterclaims for fees and costs seeking unspecified damages and fees arising from Plaintiff's allegedly frivolous complaint. The Court has reviewed Plaintiff's submissions, and for the reasons stated below, Plaintiff's Motion to Dismiss is granted.

1

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendants own, operate, and manage Kwak's Wellness, LLC and JCK Trading LLC (collectively "Corporate Defendants"), located in Warren, New Jersey. Pl.'s Amended Compl. ¶¶ 9-15.  Plaintiff alleges that Defendants employed him as a maintenance worker from February 20, 2007 until May 26, 2007.  Id. ¶28. During that time, Plaintiff's duties included regular maintenance, assisting with Tae Kwon Do classes, engaging with potential customers, and assembling and repairing massage equipment. Id. ¶30. For Plaintiff's efforts, Defendants promised to pay him $500 a week. Id. ¶31.  However, Plaintiff alleges that he only received a total of $1,500 in cash over the course his employment. Id. ¶32. In addition, although Plaintiff consistently worked over 60 hours a week during his time at Defendants' business, he alleges that he was never paid at an overtime rate.  Id. ¶34.

On May 29, 2008, Plaintiff initiated this action in the United States District Court for the District of New Jersey, filing an Amended Complaint on August 26, 2008, adding Jong E. Oh and Chung Hyeon Oh as Defendants.  In his Amended Complaint, Plaintiff seeks unpaid wages and statutory damages, alleging: (1) violation of the Federal Minimum Wage Requirement, 29 U.S.C. § 201 et seq; (2) violation of the New Jersey's minimum wage requirement, N.J. Stat. Ann. 34:11-56a1; (3) failure to pay overtime wages, in violation of federal and state law; (4) breach of contract; (5) violation of New Jersey's unpaid wages statute, N.J. Stat. Ann. 34:11-4.1; and (6) quantum meruit; and (7) unjust enrichment.  On August 29,

2008, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice, dismissing Kwak's American Tae Kwon Do, Inc. Then, Defendants, on September 19 and 23, 2008, filed individual but identical Answers and Counterclaims to Plaintiff's Complaint. Thereafter, Plaintiff filed this Motion to Dismiss Defendants' Counterclaims on October 29, 2008. However, Defendants never filed any opposition to this Motion and on May 15, 2009, this Court notified Defendants that it would consider the Motion unopposed.

On December 1, 2008, this matter was reassigned from the Honorable Garrett E. Brown, U.S.D.J., to this Court. Defendants made individual applications for pro bono counsel on January 5, 2009, which were subsequently denied by the Honorable Tonianne J. Bongiovanni on January 13, 2009. Additionally, in a scheduling order entered on January 30, 2009, Judge Bongiovanni instructed Corporate Defendants to retain counsel and file Answers by March 30, 2009 or face nonmonetary and monetary sanctions, including the Entry of Default.[1] On March 31, 2009, Corporate Defendants filed Answers and Counterclaims but failed to retain counsel. As a result, Plaintiff requested an Entry of Default against Corporate Defendants on April 2, 2009, which the Clerk of the Court entered on April 9, 2009, pursuant to Judge Bongiovanni's January 30th order. For the reasons that follow, Plaintiff's Motion to Dismiss Defendants' Counterclaims is granted.

## II. DISCUSSION

---

[1] On March 31, 2009, the case was reassigned to the Honorable Lois H. Goodman, U.S.M.J.

### A. Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008) (citation and quotations omitted). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

4

When a party fails to oppose a motion to dismiss for failure to state a claim, a court is still obligated to address the motion on its merits; thus, this Court must determine whether Defendants' counterclaims fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). West v. American Honda Motor Co., No. 08-0700, 2008 WL 4104683, at *2 (D.N.J. Aug. 28, 2008) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991)).

**B. Construing Defendants' Counterclaim**

At the outset, the Court must determine what cause of action, if any, is being asserted by Defendants' Counterclaims.  In doing so, the Court is obligated to construe Defendants' pro se pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2004) ("[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.").  However, pro se parties must still comply with the pleading standards as set forth in Federal Rule of Civil Procedure 8(a)(2), which requires the allegations in a complaint to set out a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  Notwithstanding this generous standard, a pro se party cannot rely on bald assertions or legal conclusions to survive a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). In applying 8(a), the Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[ ] may be entitled to relief, and ... must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) (citing Holder v.

5

Allentown, 987 F.2d 188, 194 (3d Cir.1993)); Eli Lily & Co. v. Roussel Corp., 23 F.Supp.2d 460, 474 (D.N.J.1998) (citing Nami and Holder ).

After reviewing Defendants' Answers and construing the allegations giving rise to their counterclaims in a manner consistent with Haines, the Court finds that Defendants' sole cognizable claim is akin to a claim of frivolous litigation arising under N.J. Stat. Ann. 2A:15-59.1, also known as the New Jersey Frivolous Claims Act ("NJFCA"). The other allegations are either duplicative or improperly seek to dismiss Plaintiff's Complaint.  For instance, in paragraph 2, Defendants seek to dismiss Plaintiff's Complaint because as they summarily allege, Plaintiff is virulently and maliciously motivated in bringing his claims. E.g., Chung Hyun Oh's Counterclaim ¶2.  Certainly, Defendants may, if they believe there is no legal or factual basis for Plaintiff's claims, seek to dismiss Plaintiff's Complaint through the appropriate avenues, i.e. a motion to dismiss or motion for summary judgment. That being said, Defendants' desire to vigorously challenge the veracity of Plaintiff's Complaint through their counterclaims does not give rise to independent causes of action, nor do Defendants' recitation of damages, namely their collective emotional despair and exasperation and legal fees.

Presumably, Defendants could argue their counterclaim asserts a cause of action for abuse of process; however, that claim would require "some further act after the issuance of process representing the perversion of the legitimate use of the process," Fielder Agency v. Eldan Constr. Corp., 152 N.J. Super. 344, 348 (Law. Div. 1997), factual allegations notably absent from Defendants' Answers.  Nor is the

Court convinced that Defendants, as alleged in their Answers, could sustain a cause of action for intentional infliction of emotional distress as alleged in their Answers. The elements of an intentional infliction of emotional distress claim are: (1) outrageous conduct; (2) proximate cause; and (3) severe emotional distress. Young v. Hobart West Group, 385 N.J.Super. 448, 467-68 (App. Div. 2005).  While it may be the case that Defendants' collective inability to sleep rises to the level of severe emotional distress, Defendants' contention that Plaintiff's Complaint constitutes outrageous conduct is unavailing.  Indeed, the Court is unaware of any case that permits a party to proceed with an intentional infliction of emotional distress claim based on the initiation of allegedly meritless litigation for back wages.

New Jersey precedent clearly recognizes that in some instances, defamatory statements and spurious lies are so outrageous that they may be tantamount to outrageous conduct. See, e.g., Hill v. New Jersey Dept. of Corrections Com'r Fauver,342 N.J.Super. 273 (App. Div. 2001) (finding that false sexual harassment charges constituted outrageous conduct); Young, 897 A.2d at 467-68 ("[Defendant's] alleged comment that plaintiff was close to retirement and that she was not in it for the long haul clearly is not extreme and outrageous.").  Here, however, Plaintiff's allegations are generally innocuous and do not cast aspersions towards Defendants.

Even assuming this litigation is wholly frivolous and without merit, it can hardly be argued that this Complaint, which alleges that Defendants failed to adequately compensate Plaintiff for his time, is an event that belies human decency and is "so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Buckley v. Trenton Sav. Fund Soc., 111 N.J. 355, 366 (1988).  The instances, which do, are few and far between. See, e.g., Giardina v. Bennett, 111 N.J. 412 (1988) (finding that a couple who witnessed the stillbirth of their child could recover for negligent infliction of emotional distress); Polikoff v. Calabro, 209 N.J.Super. 110 (App. Div. 1986) (permitting mother who witnessed accidental death of her daughter to proceed with negligent infliction of emotional distress claim). The Court is confident that this litigation is not one of them.  Thus, the Court will only consider whether Defendants' counterclaims for frivolous litigation survive Plaintiff's Motion to Dismiss.

### C. Defendant's Frivolous Litigation Claim

Plaintiff contends that Defendants' counterclaims for frivolous litigation must be dismissed because under the NJFCA, a defendant may not pursue a frivolous litigation claim by way of counterclaim.  Instead, Plaintiff argues, the NJFCA requires that a party file a motion in the allegedly frivolous action to collect attorney's fees.

Under the NJFCA, "[a] party ... seeking an award under this section shall make application to the court which heard the matter.  The application shall be supported by an affidavit." N.J. Stat. Ann. § 2A:15-59.1.  The legislative statement accompanying the NJFCA provides clarity as to the statute's purpose, which is to "[p]ermit the recovery of attorney's fees in a civil suit when the legal position of [a] non-prevailing party was not justified." Id.  To recover attorney's fees under the

8

NJFCA, the statute provides that a party cannot file its request for relief in a counterclaim. See Mruz v. Caring, Inc., 39 F. Supp. 2d 495, 507 (D.N.J. 1999), abrogated on other grounds, U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383 (3rd Cir. 2002) ("Applying a similar interpretation to the term 'application,' surely, if the New Jersey Legislature intended for a party to be able to recover attorneys' fees under the NJFCA by counterclaim, the legislature would have said as much in the text of the statute.").

Instead, as the court in Evans v. Prudential Property and Casualty Insurance Co., 233 N.J.Super. 652,663-64 (Law Div. 1988), found, a party wishing to avail itself of the NJFCA must proceed by way of motion. Id. at 664 ("The avenue to be followed is that of a motion."); In re Kraeger, No. 99-0026, 1999 WL 342762, at *6 (Bkrtcy. E.D.Pa. May 24, 1999) ("Based on the language of this statute, relief cannot be sought thereunder by means of a counterclaim."). Here, Defendants have asserted their petition for fees and costs as a counterclaim in their Answers, which is impermissible under the statute.

Even if Defendants had proceeded properly, that is, by way of motion, Defendants' frivolous litigation claim under the NJFCA would be premature, as Defendants cannot establish that they are the prevailing party in this matter.[2] See

---

[2] This fact would also prove fatal to a claim for malicious prosecution. A claim for malicious prosecution requires that the party seeking relief demonstrate: (1) the original claim was without probable cause; (2) the claim was motivated by malice; (3) the complained-of claim was terminated in the party's favor; and (4) the party suffered a special grievance. Evans,233 N.J.Super. at 662 (citing Penwag Property Co. v. Landau, 76 N.J. 595 (1978)). Again, with this litigation in its relative infancy, Defendants obviously cannot demonstrate that Plaintiff's Complaint has been terminated in their favor.

Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C., 11 F.3d 385, 392 (3d Cir. 1993) ("The Frivolous Claims Act authorizes a winning party, including a defendant, to recover the costs of litigation and attorneys' fees when it has been made a party to a frivolous claim."); Chernin v. Mardan Corp., 244 N.J.Super. 379, 381-82 (Chancery Div. 1990); First Atlantic Federal Credit Union v. Perez, 391 N.J.Super. 419, 432 (App. Div. 2007) ("To successfully invoke N.J.S.A. 2A:15-59.1, a party must 'prevail.'").  That is not to say Defendants are foreclosed from later pursuing a claim for frivolous litigation or sanctions pursuant to Fed. R. Civ. P. 11 through the proper channel if it is later revealed that Plaintiff's allegations are without merit and rise to the level of sanctionable conduct.  Based on Defendants' Answers, however, this Court finds that Defendants may not circumvent the statutory requirements imposed by the NJFCA.  Accordingly, Plaintiff's Motion to Dismiss Defendants' Counterclaims is granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' Counterclaims are dismissed.


Dated May 20, 2009                              /s/ Freda L. Wolfson
                                                Freda L. Wolfson, U.S.D.J.